**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAVIER ACOSTA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN TRAPANI; KEVIN ARLIS; and KARINA FUENTES,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-cv-5986<br><br>***Plaintiff Demands a Jury Trial*** |

**COMPLAINT AT LAW**

**NOW COMES** the plaintiff, Javier Acosta, by his attorneys, Muslin & Sandberg, through Craig M. Sandberg, and complaining of the defendants states as follows:

**INTRODUCTION**

1. Plaintiff was injured by employees of the Cicero (Illinois) Police Department ("CPD") on September 9, 2017 at approximately 5:24 p.m. at or near West Cermak Road and South Kilbourn Avenue in the Town of Cicero, Illinois. This is a civil rights and personal injury action seeking monetary damages on behalf of Javier Acosta.

2. The Town of Cicero ("the Town"), at all times relevant, was a municipal corporation, duly chartered and organized under the laws of the State of Illinois. The Town's principal place of business is located at Cicero Town Hall, 4949 W. Cermak Road, Cicero, Illinois 60804.

**PARTIES**

**A. Plaintiff**

3. Javier Acosta is a resident in this Judicial District.

## B. Defendants

4. Brian Trapani ("Officer Trapani") (Star No. 253), at all relevant times, was a sworn CPD Officer residing in this Judicial District, who possessed the authority under the law to carry out the police powers invested in him by the Town of Cicero and the State of Illinois, including the power to arrest.

5. Kevin Arlis ("Officer Arlis") (Star No. 243), at all relevant times, was a sworn CPD Officer residing in this Judicial District, who possessed the authority under the law to carry out the police powers invested in him by the Town of Cicero and the State of Illinois, including the power to arrest.

6. Karina Fuentes ("Officer Fuentes") (Star No. 295), at all relevant times, was a sworn CPD Officer residing in this Judicial District, who possessed the authority under the law to carry out the police powers invested in him by the Town of Cicero and the State of Illinois, including the power to arrest.

7. At the time of the alleged incident and at all times pertinent hereto, the defendants acted under color of law, of a statute, ordinance, regulation, custom, or usage.

## JURISDICTION

8. The court has jurisdiction over the lawsuit because the action arises under 28 U.S.C. § 1331, as the claims are bought under the authority of 42 U.S.C. §1983 for claims that arise under the Constitution and laws of the United States of America.

## VENUE

9. The Court has venue over the subject matter and parties hereto pursuant to 28 U.S.C. §1391(b)(1) and (2) as the events giving rise to the claims all occurred within this judicial district and the parties are all believed to reside in Illinois and within this Judicial District.

## Facts Common to All Counts of the Complaint

10. At all times relevant hereto, the Town hired and employed a number of police officers including certain unknown police officers who at all times relevant were citizens and residents of Illinois, and who were acting within their agency, service and/or employment with the Town.

11. On September 9, 2017 at approximately 5:24 p.m., the vehicle, driven eastbound on West Cermak Road by Javier Acosta, was stopped by Officer Arlis and his partner, Officer Trapani, of the Cicero Police Department for alleged moving violations.

12. The location where the traffic stop took place was, generally, at or near 4500 West Cermak Road in Cicero.

13. Officer Fuentes was, also, present during the traffic stop.

14. At all times relevant hereto, all of the CPD officers including, but not limited to, Officer Trapani and Officer Arlis were and are duly appointed officers, agents, and/or employees of the Town of Cicero.

15. Without a lawful basis, Officer Trapani violently hit Javier Acosta about the head, which caused (*see* below) traumatic brain injury ("TBI").

16. Without a lawful basis, Officer Alris deployed his Taser X26 CEW (conducted electrical weapon) at Javier Acosta.

17. Officer Fuentes did nothing to intercede or stop the violence upon Javier Acosta.

18. On September 9, 2017, Officer Trapani and/or Officer Arlis used unreasonable, unnecessary, and excessive force in his interaction with Javier Acosta.

19. Upon information and belief, at all relevant times, in addition to Officers Trapani and Arlis, Officer Fuentes was present at and before the time Officers Trapani and Arlis injured Javier Acosta, but did nothing to stop the violence and injury.

20. As a result of the confrontation, Javier Acosta sustained serious injuries to his person.

21. Following the motor vehicle stop, Javier Acosta was, first, taken to the Cicero Police Department lockup.

22. While in the jail, Javier Acosta lost consciousness and was transported to MacNeal Hospital.

23. Shortly after his arrival at MacNeal Hospital, Javier Acosta went into cardiac arrest, likely secondary to bleeding inside his skull (*see* below), and was successfully resuscitated.

24. At MacNeal Hospital, Javier Acosta underwent a head CT that showed a large acute left-sided subdural hemorrhage that was causing a significant 1.9 cm midline shift to the right.

25. The traumatic brain injury and left-sided subdural hemorrhage resulted from Officer Trapani violently striking the plaintiff's head.

26. Thereafter, Dr. Andrew Zelby performed an emergency craniotomy (cutting a bony opening in the skull) to remove the blood on his brain.

27. Following the surgery, according to the medical records, Javier Acosta had complete residual left-sided paralysis, with left eye ptosis.

28. That at all times relevant herein, Javier Acosta was in the exercise of due care and caution for his safety and well-being.

## <u>COUNT I</u>

***Violation of Fourth Amendment - U.S. CONST., amend. IV***

**(42 U.S.C. § 1983)**

**Javier Acosta v. Brian Trapani**

29. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1 through 28.

30. Section 1983 prohibits persons acting under color of state law from depriving any person of any rights, privileges or immunities secured by the Constitution or federal law.

31. At the aforesaid place and time, Officer Trapani was under a duty to avoid using unreasonable, unnecessary, and excessive force against Javier Acosta.

32. Moreover, at the aforesaid time and place, Officer Trapani was under a duty to comply with and conduct himself in accordance with accepted and established police procedures and policies and the CPD General and Special Orders.

33. Notwithstanding these duties, Officer Trapani violated accepted and established police procedures and policies and the CPD General and Special Orders and was then and there guilty of one or more of the following acts and/or omissions:

(a) Unreasonably, unnecessarily, and excessively used force against the plaintiff, Javier Acosta, a law abiding citizen, without probable cause and lawful justification; and/or
(b) Unreasonably and unnecessarily failed to restrain his actions when he knew or should have known that the use of force would cause substantial injury to the plaintiff, Javier Acosta; and/or
(c) Acted with deliberate indifference to the constitutional rights of Javier Acosta; and/or
(d) Was otherwise in violation of Javier Acosta's civil rights.

34. That the aforesaid acts were committed with reckless disregard for the safety of others and constituted conduct in violation of Javier Acosta's civil rights.

35. That Officer Trapani acted willfully, deliberately, maliciously, or with reckless disregard for Javier Acosta's clearly established constitutional rights.

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Javier Acosta's constitutional rights.

37. The misconduct described in this Count was undertaken by Officer Trapani, within the scope of his employment and under color such that their employer, the Town of Cicero, is liable for those actions.

38. As a direct and proximate result of one or more of the above-stated acts and/or omissions by Officer Trapani, Javier Acosta sustained severe and permanent injuries, in mind, body, and/or personal property.

39. As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions Officer Trapani, the constitutional rights of Javier Acosta were deprived.

**WHEREFORE**, the Plaintiff, Javier Acosta, demands judgment in his favor and against the Defendant, Brian Trapani, for compensatory and punitive damages, plus a reasonable attorney's fee and non-taxable costs pursuant to 42 U.S.C. §1988, plus taxable costs pursuant to Federal Rule of Civil Procedure 54.

## COUNT II
### *Violation of Fourth Amendment - U.S. CONST., amend. IV*
### (42 U.S.C. § 1983)
### Javier Acosta v. Kevin Arlis

40. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1 through 28.

41. Section 1983 prohibits persons acting under color of state law from depriving any person of any rights, privileges or immunities secured by the Constitution or federal law.

42. At the aforesaid place and time, Officer Arlis was under a duty to avoid using unreasonable, unnecessary, and excessive force against Javier Acosta.

43. Moreover, at the aforesaid time and place, Officer Arlis was under a duty to comply with and conduct himself in accordance with accepted and established police procedures and policies and the CPD General and Special Orders.

44. Notwithstanding these duties, Officer Arlis violated accepted and established police procedures and policies and the CPD General and Special Orders and was then and there guilty of one or more of the following acts and/or omissions:

(a) Unreasonably, unnecessarily, and excessively used force against the plaintiff, Javier Acosta, a law abiding citizen, without probable cause and lawful justification; and/or
(b) Unreasonably and unnecessarily failed to restrain his actions when he knew or should have known that the use of force would cause substantial injury to the plaintiff, Javier Acosta; and/or
(c) Acted with deliberate indifference to the constitutional rights of Javier Acosta; and/or
(d) Was otherwise in violation of Javier Acosta's civil rights.

45. That the aforesaid acts were committed with reckless disregard for the safety of others and constituted conduct in violation of Javier Acosta's civil rights.

46. That Officer Arlis acted willfully, deliberately, maliciously, or with reckless disregard for Javier Acosta's clearly established constitutional rights.

47. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Javier Acosta's constitutional rights.

48. The misconduct described in this Count was undertaken by Officer Arlis, within the scope of his employment and under color such that their employer, the Town of Cicero, is liable for those actions.

49. As a direct and proximate result of one or more of the above-stated acts and/or omissions by Officer Arlis, Javier Acosta sustained severe and permanent injuries, in mind, body, and/or personal property.

50. As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions Officer Arlis, the constitutional rights of Javier Acosta were deprived.

**WHEREFORE**, the Plaintiff, Javier Acosta, demands judgment in his favor and against the Defendant, Kevin Arlis, for compensatory and punitive damages, plus a reasonable attorney's fee and non-taxable costs pursuant to 42 U.S.C. §1988, plus taxable costs pursuant to Federal Rule of Civil Procedure 54.

**COUNT III**
***Violation of Fourth Amendment - U.S. CONST., amend. IV***
**(42 U.S.C. § 1983)**
**Javier Acosta v. Karina Fuentes**

51. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1 through 28.

52. Section 1983 prohibits persons acting under color of state law from depriving any person of any rights, privileges or immunities secured by the Constitution or federal law.

53. At the aforesaid place and time, Officer Fuentes was under a duty to avoid willful and wanton misconduct while conducting police activities.

54. Moreover, at the aforesaid time and place, Officer Fuentes was under a duty to comply with and conduct herself in accordance with accepted and established police procedures and policies and the CPD General and Special Orders.

37. Notwithstanding these duties, Officer Fuentes violated accepted and established police procedures and policies and the CPD General and Special Orders and was then and there guilty of one or more of the following acts and/or omissions:

(a) Willfully and wantonly permitted excessive force to be used Javier Acosta;
(b) Willfully and wantonly observed a constitutional violation by Officers

Trapani and Arlis and had a realistic opportunity to intervene to prevent the harm from occurring, but failed to intervene; and/or

(c) Was otherwise willful and wanton.

38. That the aforesaid acts were committed with reckless disregard for the safety of others and constituted willful and wanton conduct.

39. As described in the preceding paragraphs, the conduct of Officers Trapani and Arlis, in the presence of Officer Fuentes, acting under color of law and within the scope of employment, permitted the unjustified and offensive physical contact and/or apprehensive of immediate bodily harm, undertaken willfully and wantonly, proximately causing injury to Javier Acosta.

40. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights and safety of others, including Javier Acosta.

41. As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions, namely, offensive contact and/or apprehension of bodily harm, Javier Acosta suffered injuries.

42. The misconduct described in this Count was undertaken by Officers Trapani and Arlis, in the presence Officer Fuentes, within the scope of her employment and under color such that his employer is liable for those actions.

43. As a direct and proximate result of one or more of the above-stated willful and wanton acts and/or omissions by Officer Fuentes, Javier Acosta sustained severe and permanent injuries, in mind, body, and/or personal property.

**WHEREFORE**, the Plaintiff, Javier Acosta, demands judgment in his favor and against the Defendant, Karina Fuentes, for compensatory and punitive damages, plus a reasonable attorney's fee and non-taxable costs pursuant to 42 U.S.C. §1988, plus taxable costs pursuant to Federal Rule of Civil Procedure 54.

## JURY DEMAND

Plaintiff, Javier Acosta, assert his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues

Respectfully submitted,

MUSLIN & SANDBERG

By: /s/Craig M. Sandberg

CRAIG M. SANDBERG
19 S. LaSalle Street, Suite 700
Chicago, Illinois 60603
(312) 263-7249 – Tel.
(312) 263-8193 – Fax
craig@muslin-sandberg.com